T.C. Summary Opinion 2001-160

UNITED STATES TAX COURT

RANBIR SINGH & BALVINDER KAUR, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5032-00S.          Filed October 10, 2001.

Ranbir Singh, pro se.

Andrew J. Wyman, for respondent.

DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioners' Federal income taxes of $960 and $1,358 for the taxable years 1996 and 1997.

The issues for decision are: (1) Whether petitioners are entitled to a section 21 child care credit in each of the years 1996 and 1997; and (2) whether petitioners are entitled to a dependency exemption deduction for Heche Singh in 1997.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in San Jose, California, on the date the petition was filed in this case.

During the years in issue, several children resided with petitioners. One of these children, Heche, who is petitioner husband's (Ranbir's) daughter, was placed in foster care on November 8, 1996, and remained in foster care through the end of 1996 and through all of 1997. In both 1996 and 1997, petitioner wife (Balvinder) cared for the children at home in addition to working a graveyard shift. Balvinder's mother, Jagdish, visited petitioners in the United States in 1996 through May 3, and then again in 1997 from June 26 through the end of the year. During these periods she helped care for the children. Before, during, and after the years in issue, petitioners spent approximately

$13,000 to $15,000 on expenses incurred by Jagdish for travel and while in the United States.

Petitioners filed a joint Federal income tax return for each of the years 1996 and 1997. In each year, petitioners claimed a child care credit in the amount of $960 for expenses of $4,980 related to care allegedly provided by Caclia G. Bravo. Respondent disallowed the credit in each year and disallowed a dependency exemption deduction which petitioners claimed in 1997 for Heche.

The first issue for decision is whether petitioners are entitled to a section 21 child care credit for each of the years in issue. Subject to requirements not applicable here, a taxpayer is entitled to a credit under section 21(a)(1) in an amount equal to a portion of certain child care and related expenses paid during the taxable year.

Petitioners argue that the expenses they incurred in connection with Jagdish are child care expenses which fall under section 21. Petitioners did not identify Caclia G. Bravo or otherwise explain why the care provider listed on the return is a person other than Jagdish, but respondent stated that petitioners claim to have used this person's name, address, and Social Security number because they did not have a Social Security number for Jagdish.

Petitioners are not entitled to a child care credit in either of the years in issue. First, Balvinder was the main care provider for the children, and Jagdish assisted her only during the periods of time she was in the country. Second, petitioners have not shown that they paid any child care expenses other than the expenses incurred in connection with Jagdish. These are clearly personal and family expenses and as such are not deductible pursuant to section 262(a). Finally, the false information provided on each of the returns for the years in issue--with an identical amount of expenses in each year which was just enough to provide petitioners with the maximum allowable credit--persuades us that the alleged expenses had no connection with any services provided by Jagdish.

The second issue for decision is whether petitioners are entitled to a dependency exemption deduction for Heche in 1997. Subject to limitations not applicable here, a deduction is allowed under section 151(a) for each dependent of a taxpayer. Sec. 151(a) and (c)(1). A taxpayer's child is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year. Sec. 152(a)(1).

Heche was in foster care throughout all of 1997 and, although petitioners made payments for her support after that year, they made no such payments in the year in issue. We

therefore sustain respondent's disallowance of the dependency exemption deduction for 1997.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.